

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00013-CR
No. 02-23-00014-CR
No. 02-23-00015-CR
No. 02-23-00016-CR
No. 02-23-00017-CR

———————————————

STEVEN MYLES JOHNSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1563206D, 1581496D, 1581498D, 1581748D, 1586178D

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Steven Myles Johnson, proceeding pro se, attempts to appeal his convictions for (1) family-violence assault with a previous conviction, *see* Tex. Penal Code Ann. § 22.01(b)(2)(A); (2) evading arrest or detention with a vehicle, *see id.* § 38.04(b)(2)(A); (3) unlawful possession of a firearm by a convicted felon, *see id.* § 46.04(a); (4) possession with intent to deliver a controlled substance of 200 grams or more but less than 400 grams, *see* Tex. Health & Safety Code Ann. § 481.112(e); and (5) possession with intent to deliver a controlled substance of 200 grams or more but less than 400 grams, *see id.* On February 11, 2022, in accordance with Johnson's plea bargains in each case, the trial court sentenced Johnson to ten years' confinement for each conviction with the sentences to run concurrently.

Because no motion for new trial was filed, Johnson's notices of appeal were due March 14, 2022. *See* Tex. R. App. P. 4.1(a) (extending to the next day that is not a Sunday), 26.2(a)(1) (stating defendant must file notice of appeal not later than thirty days after the imposition of a sentence). However, Johnson did not file his notices of appeal until February 2, 2023.

On February 7, 2023, we notified Johnson that we questioned our jurisdiction over his appeals because the notices of appeal were not timely filed. *See* Tex. R. App. P. 26.2(a)(1). We informed him that unless he filed a response showing grounds for continuing the appeals, we could dismiss the appeals for want of jurisdiction. *See* Tex. R. App. P. 44.3. Johnson responded, complaining of the assistance he had received

2

from his appointed trial counsel, his plea agreements, and the judgments entered against him and requesting an "extension" and appointed appellate counsel.

Our appellate jurisdiction is triggered by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not timely filed under Rule 26.2, we do not have jurisdiction to address the merits of the appeal and may take no action—including granting an out-of-time appeal—other than dismissal. *See* Tex. R. App. P. 25.2(b), 26.2(a)(1); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Accordingly, we dismiss the appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 23, 2023